**IN THE UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE: ) | |
| ) | Case No.: 21-10016 |
| JOHN E. MAYER ) | Judge: Timothy A. Barnes |
| ) | Chapter: 11 |
| ) | |
| ) | Sub Chapter V Plan |
| Debtor(s) ) | |
| ) | |

## AMENDED PLAN OF REORGANIZATION

John E. Mayer, Debtor and Debtor in Possession in this Chapter 11 Case (hereinafter "the Debtor"), by and through its attorney William E. Jamison, Jr., proposes the following Plan of Reorganization (hereinafter called "the Plan") in accordance with 1189 and 1190 of the Bankruptcy Code. This Plan is the Debtor's proposal for the Debtor's payment of the Claims of its creditors as of the Petition Date.

The Debtor by this plan solicits the acceptances of all creditors whose claim are Impaired. The Debtor believe that acceptance of this Plan would be in the best interest of the Debtor's Creditors. **THE DEBTOR REQUEST THAT ALL CREDITORS ELIGIBLE VOTE TO ACCEPT THE PLAN**.

**John E. Mayer**., submits this Plan of Reorganization ("the PLAN") as follows:

### HISTORY OF BUSINESS

The debtor filed its voluntary petition for relief pursuant under Chapter 11, Subchapter V of the United States Bankruptcy Code on August 27, 2021. Debtor commenced this case by filing a voluntary petition under Chapter 11 of the Bankruptcy Code.

1

The Debtor continues in possession of its property and operates and manages its business as debtor in possession, pursuant to the provision of Section 1107 and 1108 of the Bankruptcy Code.

That the court has jurisdiction over this Motion pursuant to 28 U.S.C. § 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157 (b). The debtor is the proponent and disbursing agent of this Plan. This Plan provided for distribution to the holders of allowed claims from the continued operation of the Debtor's Medical Practice. The debtor, Dr. John Mayer ("Debtor) is a practicing Clinical Psychologist specializing in the treatment of adolescents, children, and families violent and acting out patients, substance abusers and disorders of young adults. Dr. Mayer received his Doctorate from Northwestern University and currently lectures around the country as well as to federal government and law enforcement agencies.

The Debtor's difficulties that led to his current financial state is based on the following. On or about January 2003, the debtor was sued in the Circuit Court of Cook County by Plaintiff Brad Esposito for Defamation. On January 2005, a verdict was entered against the defendant/debtor in the amount of $793,333.00. What proceeded thereafter for several years was a vigorous and aggressive collection action that culminated in the debtor filing for Chapter 7 debt relief in 2007, Case No. 07-07819. In the course of the debtor's Chapter 7 proceeding an Adversary Complaint was filed Adv. No. 07A 01082, to Determine Dischargeability of the debt owed to Brad Esposito. On March 31, 2009 the Honorable Eugene R. Wedoff entered an order declaring the debt owed by the debtor, John Mayer to be non-dischargeable 11U.S.C. § 523(a)(6). That on May 16, 2016, the debtor filed a previous Chapter 11 Bankruptcy Petition, Case No. 16-16536 in the Northern District of Illinois before the Honorable Jack B. Schmetterer.

2

(the "former case"). The Chapter 11 plan of reorganization was confirmed in former case on March 10, 2017, and the case was closed on May 30, 2017. The debtor fully complied with the terms of the plan making monthly payment of $5,000.00 per month for 60 months in accordance with the previous confirmed plan. Upon completion of the payments under the former case the creditor, Brad Esposito through his counsel indicated he was about to commence further collection proceeding, potentially freezing debtor's accounts. This creditor has declined all of the debtor's subsequent proposed settlement offers and with the pandemic adversely affecting the debtor's operation the debtor was left in a precarious financial condition. The debtor is also currently 71 years of age with physical health conditions which he anticipates will reduce his practice over the long term.

## SUMMARY OF PLAN REORGANIZATION

As stated in detail below the, the Debtor is a licensed clinical physician. The Debtor's Plan contains the following provisions:

The Secured mortgage claims of Rocket Mortgage, LLC f/k/a Quicken Loan, LLC Acct #9094 totaling $382,194.70 is un-impaired. This claim is fully secured by the debtor's primary residence, which he owns jointly with his partner, located at 8624 Hotchkiss Drive, Frankfort, IL 60423. The debtor shall continue to pay this claim pursuant to the pre-petition agreement in the monthly amount of $3,374.20, which will continue to govern the relationship between the Debtor and the Holder of this claim. Rocket Mortgage shall retain its pre-petition lien on the property located at 8624 Hotchkiss Drive, Frankfort, IL 60423 until such time as the underlying mortgage has been fully satisfied pursuant to applicable non-bankruptcy law.

The General Unsecured Claims total $820,867.89. This amount includes general unsecured scheduled claim of the Brad Esposito in the amount of $451,333.00. The general

3

unsecured creditors shall receive 50% of its claim in the total amount of $410,433.94. These creditors' claims shall be paid over a sixty (60) month period in aggregate monthly payments of approximate $6,840.56, without interest. All payments shall begin on the $10^{st}$ day of the month following the effective date of the Plan.

## ARTICLE I DEFINITIONS

The following terms, when used herein, shall have the meaning specified below, unless the context otherwise requires:

1.1     Administrative Expense:  A cost or expense of administration of this Chapter 11 case, including and actual and necessary expense of preserving or liquidating the estate, or of operating the business of the Debtor and all allowances approved by the Bankruptcy Court in accordance with applicable provisions of the Bankruptcy Code.

1.2     Allowed Claim.  A claim (i) a proof of which is filed within the time fixed by the Bankruptcy Court or applicable rules or statues, and with respect to which no objection has been timely filed by any party in interest, or (ii) that has been, or hereafter is, listed by the Debtor as liquidated in amount and not disputed or contingent, or (iii) that has been or hereafter is, listed by the Debtor as liquidated in amount and not disputed or contingent, or (iii) that has been allowed by Order of this Court, or (iv) that is allowed by the provisions of this Plan.

1.3     Allowed Interest:  An "Interest" (as defined below) (i) proof of which has been filed within the time fixed by the Bankruptcy Rules or within the time fixed by the Bankruptcy Court; or (ii) that has been scheduled in the list of equity security holders prepared and filed with the Bankruptcy Court; and (iii) that has been allowed by Order of this Court, or (iv) that is allowed by the provisions of this Plan.

1.4     <u>Bankruptcy Code:</u> Title 11 of the United States Code, Section 101 et seq., as amended.

1.5     <u>Bankruptcy Court:</u> The United States Bankruptcy Court for the Northern District of Illinois, Eastern Division.

1.6     <u>Bankruptcy Rules:</u> The Federal Rules of Bankruptcy Procedure as prescribed by the Supreme Court of the United States.

1.7     <u>Chapter 11:</u> Chapter 11 of the United States Bankruptcy Code.

1.8     <u>Claim:</u> The term "Claim" shall have the meaning set forth in Section 101(5) of the Bankruptcy Code.

1.9     <u>Confirmation:</u> The entry by the Bankruptcy Court of a Final Order confirming the Plan in accordance with the provisions of Chapter 11 of the Bankruptcy Code.

1.10    <u>Debtor:</u> John E. Mayer.

1.11    <u>Debtor in Possession:</u> John E. Mayer, a sole proprietorship.

1.12    <u>Effective Date:</u> Thirty (30) days following the entry of a Final Order confirming this Plan.

1.13    <u>Final Order:</u> (a) an order or a judgment that has not been reversed, stayed, modified or amended, and as to which the time to appeal or seek re-argument, reconsideration or rehearing has expired and has not been extended and as to which no appeal, petition for certiorari, re-argument, reconsideration or rehearing is pending, or(ii) an order or a judgment for which an appeal, re-argument, reconsideration, rehearing or certiorari has been sought, and as to which the order or judgment has been affirmed or the request for re-argument, reconsideration, rehearing or certiorari has been denied, and the time to take any further appeal, re-argument, reconsideration, rehearing or certiorari has expired, so that in the event of either (i) or (ii), such order or judgment shall have become final and non-appealable in accordance with applicable law.

1.14    Late Filed Claims: A claim for which the claimant filed a proof of claim after the deadline set by the Court for filing proofs of claim.

1.15    Month: A calendar month, including the month in which a date or event occurs.

1.16    Plan: This Plan of Reorganization including any amendments or modifications thereto.

1.17    Pro-rata: With respect to any distribution on account of any claim or matter, in the same proportion as the amount of such claim or matter bears to the aggregate amount of all claims or matters of its class.

1.18    Unless otherwise defined, the words and phrases used herein shall have the meanings ascribed in the Bankruptcy Code and in the Bankruptcy Rules.

1.19    The term "Lien" shall have the meaning set forth in § 101(31) of the Bankruptcy Code.

## ARTICLE II

## CLASSIFICATION OF CLAIMS AND INTERESTS

2.1 Allowed Claims against and Allowed Interests in the Debtor in this estate shall be fixed and determined as of the Petition Date and are classified as follows:

Administrative Expenses

Class One-Allowed Secured Claims that are Un-Impaired.

Class Two-Allowed General Non-Priority Unsecured Claims that are Impaired.

2.2 Resolution of Disputes: Disputes regarding the proper classification of Claims shall be resolved pursuant to the procedures established in the Bankruptcy Code, the Rules and other applicable laws. The Court shall have exclusive jurisdiction over disputes concerning the classification of claims. Resolution of any such disputes shall not be a condition precedent to Confirmation or Consummation of the Plan.

2.3 A Claim or Interest is classified in a particular Class only to extent that the Claim or Interest qualifies within the description of that Class.

2.4 Distributions of Disputed Claims: Payments and distributions to each holder of a Disputed Claim that ultimately becomes an Allowed Claim shall be made in accordance with the provisions of this Plan with respect to the Class of Creditors to which the respective holder of an allowed Claim belongs. Such payments and distributions shall be made as soon as practicable after the date that the order or judgment allowing such Claim is a Final Order.

## ARTICLE III

## TREATMENT OF CLAIMS AND INTERESTS

The following class(es) are unimpaired by the Plan in accordance with Section 1124 of the Bankruptcy Code or are not required to be classified in this Plan of Reorganization under provisions of the Bankruptcy Code.

3.1 Administrative Expenses: These claimants represent claims arising post-petition. Any Administrative Expense that is an Allowed Claim shall be paid by the Reorganized Debtor, in full, in cash or as otherwise agreed. Payment of Professional Fees shall be subject to the provisions of Section 330(a) and 331of the Bankruptcy Code or as otherwise provided by the Amended Plan. United States Trustee and bankruptcy attorney fees shall be paid in full on or before the Effective Date or as they come due thereafter. The source of payment for these amounts will be the Debtor's income from operations and from employment. The Debtor expect Administrative Claims will be approximately $20,000.00 as of the Effective date.

3.2 TREATEMENT OF UN-IMPAIRED CLAIMS

**Class (1) - ALLOWED SECURED CLAIMS THAT ARE UN-IMPAIRED:**

The Secured mortgage claims of Rocket Mortgage, LLC f/k/a Quicken Loan, LLC Acct #9094 totaling $382,194.70 is un-impaired. This claim is fully secured by the debtor's primary residence, which he owns jointly with his partner, located at 8624 Hotchkiss Drive, Frankfort, IL 60423. The debtor shall continue to pay this claim pursuant to the pre-petition agreement in the monthly amount of $3,374.20, plus any adjustments necessary to maintain an adequate escrow cushion in accordance with the terms of the debtor's underlying Note. The pre-petition Mortgage and Note will continue to govern the relationship between the Debtor and the Holder of this claim. Rocket Mortgage shall retain its pre-petition lien on the property located at 8624 Hotchkiss Drive, Frankfort, IL 60423 until such time as the underlying mortgage has been fully satisfied pursuant to applicable non-bankruptcy law.

      **Class 2 ALLOWED GENERAL UNSECURED CLAIMS THAT ARE IMPAIRED**

2)     Class 2 consist of the allowed nonpriority general unsecured Claims totaling $820,867.89. This amount includes the scheduled general unsecured claim of the Brad Esposito in the amount of $451,333.00. The general unsecured creditors shall receive 50% of their claims in the total amount of $410,433.943. This amount also includes the general unsecured claim of the Department of Treasury-Internal Revenue Service (hereinafter the "IRS"), totaling $352,668.97 and the Illinois Department of Revenue (hereinafter the "IDOR, totaling $9,601.20. These creditors' claims shall be paid over a sixty (60) month period in aggregate monthly payments of approximate $6,840.56, without interest. All payments shall begin on the 10st day of the month following the effective date of the Plan.

**ARTICLE IV**
**IMPLEMENTATION OF PLAN**

4.1 All of these assets of the Debtor and this estate shall vest in the Debtor upon Confirmation of the Plan subject only to the terms and conditions of this Plan.

4.2  The Debtor shall be entitled to manage his affairs without further Order of this Court.

4.3 Upon Confirmation, the Confirmed Plan shall become a binding agreement between the Debtor and her creditors, superseding all pre-petition obligations of the Debtor to his Creditors. The debtor's primary mortgage with Rocket Mortgage, LLC., remains in full force and effect and Rocket Mortgage may exercise its state court right to foreclose for breach of the debtor's mortgage obligations including enforcement of its lien rights provided in the mortgage. As to all other creditors so long as the Debtor acts in accordance with the Plan terms Creditors shall have no right of action (including but not limited to proceeding with a foreclosure sale and other State Court rights) against Debtor to pursue Debtor for payment and Creditors are enjoined and prohibited from taking such action accept as provided herein. Any such action by a Creditor violating this paragraph shall give the Debtor a Cause of Action against such Creditor for Damages which shall be determined just as Damages are computed and allowed for a Violation of the Automatic Stay/Discharge Injunction/Confirmation Order.

4.4  *Events of Default*.  As used in this Order, "Event of Default" means any of the events specified below:

The Debtor fails to make any payment due under the terms of plan;

The case is dismissed or converted to a case under Chapter 7 of the Code.

This Court enters an order granting relief from the automatic stay to the holder or holders of any security interest in the Property (or any portion thereof) to permit any secured creditor to enforce its lien.

There is rendered a judgment against the Debtor a with respect to a post-petition event which results in a material adverse effect on the Property or any portion thereof or prospects of the Debtor taken as a whole or the ability of the Debtor to perform its obligations under the Plan.

e)  The Debtor fails to comply with any of the terms of the Plan.

4.5  *Remedies Upon Event of Default*.  With regard to the debtor's primary mortgage with Rocket Mortgage, LLC., Rocket Mortgage, LLC may exercise its state court right to foreclose for breach of the debtor's mortgage obligations including enforcement of its lien rights provided in the mortgage. As to all other creditors, upon Default in the terms of the payments under the plan, the creditor upon whom which the debtor has defaulted in payment shall provide the Debtor with written notice of any alleged post-petition Event of Default within its actual knowledge under this Order.  If the Debtor fails to cure an Event of Default within 14 calendar days of written notice of such default, being sent by U.S. Mail the creditor may without any additional notice, enforce the terms of his Plan as if it was contract and Creditor, Esposito may also, without any additional notice continue to collect upon his judgment against the Debtor without any relief from this Court.   The Debtor shall receive credits for payments made under this Plan.

4.6  This Plan is self-executing. The Debtor shall not be required to execute any newly created documents to evidence the claims, liens or terms of repayment to the holder of any Allowed Claim. Furthermore, upon the completion of the payments required under this Amended Plan to the holders of Allowed Claims.

## ARTICLE V
## EXECUTORY CONTRACTS

5.1 All executory contracts and unexpired leases which exist between the Debtor and any other party, whether such executory contract be in writing or oral, which has not been previously assumed, assigned or rejected by the Debtor shall be deemed assumed by the Debtor as of the Confirmation of this Plan. Any security deposits held as security for tenants of the Debtor shall not be affected by this Plan of Reorganization. The debtor virtual commercial lease of the business location of 22 West Washington Street, Suite, Chicago, 60602 is expressly assumed.

## ARTICLE VI
## COURT'S RETENTION OF JURISDICTION

6.1  The Bankruptcy Court shall retain jurisdiction after Confirmation to: (i) consider applications for fees and allowances for professional persons; (ii) supervise the implementation of this Plan; (iii) hear and conclude all adversary proceedings or contested matters; (iv) resolve disputes regarding interpretation of this Plan; (v) fix expenses of administration; (vi) enter Orders to further consummation of the Amended Plan; (vii) approve modification of the Amended Plan upon motions brought before the Bankruptcy Court; (viii) consider all applications and matters pending before the Bankruptcy Court on the date of Confirmation; (ix) hear and conclude any adversary proceedings and other matters relating or giving rise to litigation recoveries (x) enter any order, including injunctions, necessary to enforce title, rights and powers of the Debtor, and to impose such limitations, restrictions, terms and conditions of such title, rights and powers as the Bankruptcy Court may deem necessary; (xi) close and or reopen this Bankruptcy Case for any appropriate purpose but specifically to enter a Discharge and/or hold proceedings related to the Debtor's Discharge; and (xii) enter an Order concluding and terminating this Chapter 11 case.

## ARTICLE VII

## CONFIRMATION OF THE PLAN UNDER SECTION 1191 OF THE

## BANKRUPTCY CODE

7.1 The provisions of the Plan shall bind all creditors, Interests holders and parties in interest. Except as provided in the Plan, no interest or penalties shall accrue or be paid to any creditor.

7.2 In the event that all applicable requirements of 1129 (a) of the Bankruptcy Code, other than in subsection (8), (10), and (15) of the section are not met, notwithstanding Section 510(a) of the Bankruptcy Code, the debtor reserves the right pursuant to 1191 of the Bankruptcy Code, to request that the Bankruptcy Court conduct a Confirmation Hearing. Accordingly, if Class 2 rejects the Plan., the Bankruptcy Court could still confirm the Plan under 1191 of the Bankruptcy Code in the plan does not discriminate unfairly and is fair and equitable with respect to each Class of Claims or Interest that are impaired under, and has not accepted the plan

## ARTICLE VIII

## UNCLAIMED PROPERTY

8.1 In the event that any distribution made by the Debtor under this Plan remains unclaimed ninety (90) days after such distribution is made, this distribution will become property of the Debtor and shall not be recouped in subsequent distributions. After expiration of the ninety (90) day period set forth herein, the claimant whose funds remain unclaimed shall forfeit any and all legal and equitable right to such distribution and the proceeds thereof.**ARTICLE IX**

## INVALIDATION OF LIENS AND DISCHARGE

9.1 The provisions of the confirmed Plan shall bind all creditors and other parties in interest, whether or not such persons accepts the plan. The distributions provided under the Plan

shall be in exchange for and in complete satisfaction and release of all claims against any assets or property of the Debtor, unless otherwise determined by the court to be non-dischargeable.

## ARTICLE X

## INTEREST AND PENALTIES

10.1 Except as otherwise provided herein, or required by the Bankruptcy Code, no interest or penalties accruing on or after no interest or penalties accruing after August 27, 2021, shall be paid on any Allowed Claim nor shall any creditor claiming any such interest or penalty be entitled to have its Claim for interest or penalty allowed for payment pursuant to the Plan.

## ARTICLE XI

## ALLOWANCE AND DISALLOWANCE OF CLAIMS

11.01 Disputed Claim. A disputed claim is a claim that has not been allowed or disallowed by a final non-appealable order, and as to which either: (i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or (ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or un-liquidated.

11.02 Delay of Distribution on a Disputed Claim. No distribution will be made on account of a disputed claim unless such claim is allowed [by a final non-appealable order].

11.03 Settlement of Disputed Claims. The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

## ARTICLE XII

## DISCHARGE

12.01. Discharge. Confirmation of this Plan does not discharge any debt provided for in this Plan until the court grants a discharge on completion of all payments under this Plan in Class One, and Two., or otherwise provided in §1141(d)(5) of the Code.

JOHN E. MAYER

By: /s/ William E. Jamison, Jr.
Attorney for Debtor

DEBTOR'S COUNSEL:

William E. Jamison, Jr.
LAW OFFICE WILLIAM E. JAMISON
53 W. Jackson Blvd
Suite #801
Chicago, IL 60604
(312) 226-8500
Atty# 6218244

DATED: March 25, 2022